■ JOHN V. WARREN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 45847.)— COOKE, J. Appeal from a judgment, entered March 22, 1967, upon a decision of the Court of Claims, which awarded claimant $6,551.70, plus interest, for the appropriation on August 26, 1964 of portions of claimant's real property in Greene County. No cross appeal was taken by the State. The premises, located near the Village of Catskill, embraced approximately 31 acres with 200 feet frontage on Route 23. At the highway there was a rock ledge 10 feet above grade extending back about 200 feet. From that point, there was a downward slope to an old orchard and from there a sharp fall to the Catskill Creek, the total vertical drop in elevation from front to rear being from 165 to 300 feet. From the back of the rock ledge to the creek the land was unimproved, consisting mostly of wooded sloping land with outcroppings of ledge and little overburden. The State appropriated a triangular piece across the rock ledge frontage containing 4,835 square feet, plus a strip of 6.167 acres near the middle of the parcel, leaving 11 acres to the rear without access. A permanent easement over part of the 11 acres was also taken. The Court of Claims found that the highest and best use of the frontage to a depth of 150 feet was for commercial use with a value of $1 per square foot, thus awarding $4,835 for the triangle taken. The highest and best use of the balance was found to be for excess land with a value of $100 per acre, thereby awarding for the 6.167 acres appropriated and the 11 acres landlocked the sum of $1,716.70. Appellant contends that the court erred in rejecting residential values for the rear land, based on the argument that had the State's appraiser known about the right of way reserved by claimant when he conveyed the frontage on Route 23 to a corporation owned by him, subsequent to the taking, the appraiser would have classified the rear as residential. However, this subsequent conveyance should not affect the valuation, the appraiser's conclusion that the rear land was not suitable for residential development does not seem to be based on any consideration of said conveyance and he testified that, even if there were access from Route 23, the rear land still would not be suitable for residential development. On this record showing the steadily declining topography of the rear land, rock outcroppings, shallow overburden, soil figures and the absence of percolation tests to determine if septic tanks were feasible, the court was warranted in rejecting appellant's claim that the highest and best use of much of the rear was for residential use. Claimant also urges not only that his parcel was superior to the State's comparables but that even they established a higher per acre value than the $100 adopted by the court. The State's appraiser used four comparables, instead of eight as argued, and

made adjustments to each for such items as access, topography and size, giving a monetary adjustment for each factor. There was a sufficient explanation as to how the adjustments were made (cf. *Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851, 853) and they were not so massive and extraordinary as to be insufficient to support the award (cf. *Svoboda* v. *State of New York,* 28 A D 2d 1056, 1057), particularly considering the rock ledge fronting on the highway and the topography to the rear. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.